FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2019 MAY -7 AM 11: 29

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

MARY SERMONS,

    Plaintiff,

Case No. 3:19-cv-533-J-39 PDB

v.

CARRINGTON MORTGAGE SERVICES, LLC,
a Foreign Profit Corporation,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mary Sermons ("Sermons"), through undersigned counsel, hereby sues Defendant, Carrington Mortgage Services, LLC ("Carrington"), and alleges as follows:

### Nature of Action

1.    This is an action for recovery of damages for disability discrimination pursuant to Title I of the Americans with Disabilities Act of 1990 and Amendment Act of 2008.

### Jurisdiction and Venue

2.    Jurisdiction in this Court is proper pursuant to 20 U.S.C. §1331 as Sermons is asserting claims for discrimination pursuant to the ADA.

3.    The acts and omissions that give rise to this action occurred in Duval County, Florida. Venue is therefore proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391(b).

### Parties

4.    At all times material hereto, Sermons resided in Duval County, Florida.

1

5.      At all times material hereto, Carrington was a Foreign For-Profit Corporation that engaged in business in Duval County, Florida.

6.      At all times material hereto, Carrington was an enterprise engaged in an industry that directly and substantially affects interstate commerce and employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

## General Allegations

7.      Sermons was employed by Defendant, Carrington, on or about October 13, 2014 until April 16, 2018.

8.      Carrington was, and is, in the business of originating and servicing residential mortgage loans.

9.      Sermons worked as a "Team Lead" in the closing documents section of Carrington's business.

10.     Prior to April 16, 2018, Sermons adequately and competently performed all of her functions, duties, and responsibilities as a Team Lead for Carrington. Sermons received good performance evaluations and never received any complaints from her supervisors. Sermons further complied with all policies, rules, and regulations instituted by Carrington as condition of her employment.

11.     On or about February 15, 2018, Sermons requested disability leave from Carrington's Human Resources manager, Jerry Kitchens. At this time, Sermons informed Mr. Kitchens that she was suffering from severe depression and other mental health issues. Sermons was granted this leave from February 15, 2018 to April 16, 2018 approximately.

12.    While Sermons was out of work on her requested disability leave, Sermons' manager, Patrick Hager, announced to Sermons' co-workers that Sermons was "crazy" and had admitted herself to a "nut house."

13.    Sermons returned from her disability leave on or about April 16, 2018. Sermons was approached by a co-worker, Anita Johnson, who informed her of Mr. Hager's derogatory comments.

14.    Additionally, upon her return, Sermons noticed her co-workers and supervisors treated her differently. Co-workers did not engage in normal conversations with Sermons and demonstrated a noticeable unease around her. Further, Co-workers and supervisors avoided Sermons and isolated her. This changed treatment stemmed directly from Patrick Hager's derogatory comments.

15.    This changed treatment constituted a hostile work environment, and Ms. Sermons was forced to take a constructive discharge to avoid the pervasive and harmful stigmatization of her disability and mental health issues.

## Administrative Pre-Requisites

16.    Sermons filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination.

17.    On February 11, 2019, the EEOC issued a Right to Sue Letter. *See attached* **Exhibit A.**

18.    Accordingly, Sermons has performed all required conditions precedent and/or administrative pre-requisites necessary to maintain a civil action under the Americans with Disabilities Act, including the timely filing of this lawsuit.

3

## Count I – Americans With Disabilities Act
### (Disparate Treatment)

19.     Sermons hereby incorporates the allegations in paragraphs 1 through 18 as if fully set forth herein.

20.     This is a cause of action for disparate treatment disability discrimination, prohibited by the ADA and its 2008 amendment.

21.     Carrington was and is an employer for purposes of the ADA, and its 2008 amendments, and subject to its prohibitions.

22.     At all times material hereto, Sermons was a qualified individual, performing all of the functions of her employment with Carrington. Sermons fulfilled Carrington's expectations of employment.

23.     At all times material hereto, Sermons had a disability, major depression, which substantially limited one or more of her major life activities, and further Sermons had a record of such impairment—having been on disability leave from February 15 through April 16, 2018.

24.     Carrington unlawfully discriminated against Sermons by announcing her struggles with mental health issues in a derogatory manner.

25.     Sermons was constructively discharged from her employment with Carrington when she returned from her disability leave to a hostile work environment created by her manager's derogatory comments.

26.     Sermons has retained the services of the undersigned attorney and has agreed to pay a reasonable fee for the undersigned's legal services. Sermons' attorney's fees and costs in bringing this action should be taxed against Carrington pursuant to Section 505 of the ADA and Amendment Acts of 2008.

27.     As a direct and proximate result of the violations by Carrington, Sermons suffered lost wages, fringe benefits, benefits of employment, and she has suffered emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses.

28.     Carrington willfully, maliciously, and with reckless indifference violated the ADA by intentionally discriminating against Sermons warranting the imposition of punitive damages in addition to compensatory damages available under the ADA.

WHEREFORE the Plaintiff, Mary Sermons, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and such other relief as this Court deems just and proper.

### Count II – Americans With Disabilities Act
### ("Regarded as Disabled" Disparate Treatment)

29.     Sermons hereby incorporates the allegations in paragraphs 1 through 18 as if fully set forth herein.

30.     This is a cause of action for "regarded as disabled" discrimination for disparate treatment, prohibited by the ADA and its 2008 amendment.

31.     At all times material hereto, Sermons suffered from major depression and other mental health issues.

32.     The Employer had actual or constructive knowledge of Sermons' major depression and other mental health issues.

33.     Carrington was and is an employer for purposes of the ADA, and its 2008 amendments, and subject to its prohibitions.

34.     At all times material hereto, Sermons was a qualified individual, performing all of the functions of her employment with Carrington. Sermons fulfilled Carrington's expectations of employment.

35.     Sermons was "regarded by" Carrington as having a mental impairment within the meaning of, and as defined by, 42 U.S.C. §12102(1)(C) of the ADA, as amended.

36.     Sermons' impairment was not transitory and had an actual or expected duration of greater than six (6) months.

37.     Sermons' impairment was further not "minor" as it caused her total inability to work for at least a period of three months, and substantially limited her major life activities for greater than six (6) months.

38.     Carrington discriminated against Sermons' by announcing she suffered from mental health issues in a derogatory manner.

39.     As a direct and proximate result of the violations by Carrington, Sermons suffered lost wages, fringe benefits, benefits of employment, and she has suffered emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other pecuniary and non-pecuniary losses

40.     Carrington willfully, maliciously, and with reckless indifference violated the ADA by intentionally discriminating against Sermons warranting the imposition of punitive damages in addition to compensatory damages available under the ADA.

WHEREFORE the Plaintiff, Mary Sermons, demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and such other relief as this Court deems just and proper.

6

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  May ____, 2019.

By: _____

Damon Pichoff
Florida Bar. No. 0084571
O'ROURKE & AKERS
4940 Beach Boulevard
Jacksonville, FL 32207
(904) 398-0811 Telephone
(904) 398-0733
Primary Email: Damon@jaxcomplaw.com
Secondary Email: Lana@jaxcomplaw.com
*Trial Counsel for Plaintiff*